# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| MICHAEL HESKIAOFF and MARC LANGENOHL on behalf of themselves and all others similarly situated, | : : : : | **Case No.:**  1:15-cv-5388 |
| Plaintiffs | : : : | **CLASS ACTION COMPLAINT** |
| v. | : : | **JURY TRIAL DEMANDED** |
| SLING MEDIA, INC., | : : : | |
| Defendant. | : : : : | |
| | x | |

Michael Heskiaoff and Marc Lagenohl ("Plaintiffs"), by their attorneys, make the following allegations and claims for their complaint against Sling Media, Inc. (referred to as "Sling Media" or "Defendant").  The following allegations are made upon information and belief, except as to allegations specifically pertaining to plaintiffs, which are made upon knowledge.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because the aggregate claims of the Class (defined herein) exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between proposed class members and Defendant.

2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c)(1). Plaintiffs Heskiaoff and Langenohl purchased Slingbox Media Players (as defined below) within this District while they resided in this District. Plaintiff Heskiaoff presently resides in this District, and Defendant Sling Media conducts substantial business in this District, including

conduct directed at members of the Class, including the promotion, sale, and marketing of its products, sufficient to render it within the jurisdiction of this Court. The events and conduct giving rise to the violations of law in this action constitute interstate commerce, and a significant portion thereof occurred in this District.

### PRELIMINARY STATEMENT

3.     This class action is brought by Plaintiffs seeking equitable relief on their own behalves and on behalf of all others similarly situated in the United States who have purchased Slingbox Media Players (the "Slingboxes") and its related software from Defendant prior to March 17, 2015. Since March 17, 2015, Sling Media has been appropriating and commandeering the Slingbox devices it sold to class members for the purpose of disseminating its own advertising content. Defendant misrepresented and omitted to disclose characteristics of the Slingbox and its software in connection with the sale of these products. More specifically, Sling Media failed to disclose that the use of the product would be contingent upon and subject the purchaser to unrequested advertising from Defendant. Since approximately March 17, 2015, Sling Media suddenly began broadcasting such unrequested spam advertisements to users of its Slingboxes, negatively impacting the experiences of Slingbox owners and the value of its product to its installed base of consumers – none of whom understood the viewing of advertising to be part of the benefit of their bargains in purchasing these devices. As such, Slingbox has perpetuated a massive "bait and switch" upon thousands of unsuspecting consumers, each of whom spent as much as $300.00 or more for these products, but who now need to watch the Defendant's ads to use their devices as promised.

## PARTIES

4.      Plaintiff Mark Heskiaoff is a citizen of New York and resides in New York, New York.  Mr. Heskiaoff purchased a Slingbox Model 500 in the State of New York and within this District.  Since March 17, 2015, Mr. Heskiaoff's use of his Slingbox has now been made subject to Sling Media's unsolicited advertising.   At no time was Mr. Heskiaoff informed by Sling Media or its agents prior to his purchase that the use of his Slingbox would be made subject to its advertising or that advertisements would be displayed during use of the product he purchased from Defendant.  Mr. Heskiaoff has sent a classwide demand letter to Defendant pursuant to California Code of Civil Procedure § 1021.5 and California Civil Code § 1782.    Should Defendant fail to respond to the demand in a satisfactory manner, Mr. Heskiaoff will amend his complaint to add classwide claims for damages.

5.      Plaintiff Marc Lagenohl is a citizen of the State of Florida.   Mr. Langenohl purchased a Slingbox Model M1 in the State of New York, while still residing in New York State.  Since March 17, 2015, Mr. Lagenohl's use of his Slingbox has now been made subject to Sling Media's unsolicited advertising.  At no time was Mr. Lagenohl informed by Sling Media or its agents prior to his purchase that the use of his Slingbox would be made subject to its advertising or that advertisements would be displayed during use of the product he purchased from Defendant.  Mr. Lagenohl has sent a classwide demand letter to Defendant pursuant to California Code of Civil Procedure § 1021.5 and California Civil Code § 1782.    Should Defendant fail to respond to the demand in a satisfactory manner, Mr. Lagenohl will amend his complaint to add classwide claims for damages.

6.      Defendant Sling Media, Inc. is a Delaware corporation, with its principal offices in Foster City, California, and wholly owned by EchoStar Corporation, a leading provider of

3

satellite operations and video delivery solutions.  According to Sling Media's website, it offers "products and solutions that empower you to watch your home TV - including the content you already pay for - anywhere in the world, on any connected device."  Sling Media designs, imports, manufactures, and/or distributes consumer electronics products, including the Slingboxes forming the subject matter of this action, which it caused to be placed into the stream of commerce in this District and throughout the United States.  Sling Media also markets and sells advertising content, which it distributes through its Slingboxes, to members of the Class.

## STATEMENT OF FACTS

7.     Sling Media, and its predecessor entities, have been selling the Slingbox to consumers in the United States since 1995.  The Slingbox is a "place shifting" device which "shifts" media content produced and owned by third parties, so that a user can send or "stream" the signal from one device – usually a cable or set-top box in his or her home – to another device in another location.  As such, together with its accompanying software, the Slingbox allows a consumer to watch third-party content provided through broadcast, cable, or satellite to one's home, while traveling elsewhere.  According to Sling Media's website, consumers purchasing Slingboxes can "experience your TV, live or recorded, on your tablet, phone, or laptop from anywhere" and offers the ability to "access your cable or satellite subscription to watch all your shows, movies, and sports."

8.     Sling Media does not produce or distribute its own content, and it has no ownership or license in the content its products allow users to stream.  Rather, the Slingbox provides the facility for consumers to stream and view content provided, licensed, or sold by third parties, *i.e.*, broadcast, satellite, and cable networks.

4

9.      Sling Media has sold its Slingboxes to class members for generally between $150.00 to $300.00.  At no time did Sling Media disclose that it would broadcast its own advertising content to consumers who had purchased its products -- alongside the streamed third-party content -- and consumers had no reason to believe that they would be forced to view Defendant's advertisements while using the Slingboxes which they had purchased.

10.     Sling Media did not in fact broadcast its own advertisements alongside streamed third-party content during its first decades of selling these devices.  On or about March 17, 2015, without notice to its installed user base, Sling Media quietly began to place advertising into content viewed by users over their own Slingbox devices, alongside streamed third-party content. Consumers' Slingbox devices were essentially commandeered by Sling Media to broadcast its advertising content after product startup, and advertisements have also been displayed beside content streamed and watched by users – content which Sling Media does not own or license.

11.     In disseminating unsolicited advertisements to users of its products, and displaying them alongside content provided and owned by third-parties, Sling Media's actions would be akin to a hypothetical computer manufacturer using personal computers it had previously sold to consumers to display its own advertising content while the user surfed the internet or ran third party applications purchased by the consumer.

12.      Although Sling Media is profiting from its appropriation of the devices they have previously sold to consumers by selling and disseminating its advertising content, it has never requested consumer permission to display these advertisements over class members' Slingboxes, or offered consumers any financial or other benefits for using their purchased devices for its own advertising activities.

13.     The acts of concealment by Sling Media included the intentional concealment and failure to disclose facts known to Sling Media about its plans to use their Slingboxes to distribute its own advertising, which Plaintiffs and the members of the Class could not reasonably have learned, known of, or otherwise discovered.

14.     If Plaintiffs and the members of the Class had known the true facts surrounding Sling Media's intention to use their devices to distribute its own advertising content, or that viewing Sling Media's advertising would be required to use their Slingboxes as represented, they would not have purchased these devices or paid as much as they did for them.

15.     As a direct result of Sling Media's actions set forth herein, Plaintiffs and the consumers who comprise the Class who have purchased the Slingboxes are entitled to appropriate injunctive relief including the removal of Sling Media's advertising content that was foisted upon them.

## CLASS ACTION ALLEGATIONS

16.     Plaintiffs bring this action on behalf of themselves and all other members of a class consisting of all purchasers in the United States of Slingbox devices prior to March 17, 2015 (the "Class").  Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are directors of Sling Media or its parent, EchoStar Corporation.

17.     The Class is composed of no fewer than tens of thousands of persons nationwide, and is sufficiently numerous for class treatment.  The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

18.     Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse to the interests of other members of the Class.

19.     This dispute raises questions of law and fact that are common to all Class members.  Those common questions predominate over questions that arise on an individual basis for Class members.  The common questions of law and fact include, without limitation:

(a)     Whether Sling Media's representations, omissions, and conduct regarding the Slingboxes were misleading or false;

(b)     Whether Sling Media's representations and conduct were likely to deceive consumers into believing that their Slingboxes would operate without requiring them to watch advertising distributed by Sling Media in order to utilize their purchased devices;

(c)     Whether Sling Media violated California Business & Professions Code § 17200, *et seq.*, § 17500, *et seq.*, California Civil Code § 1750, *et seq.*, and § 1792, *et seq.*;

(d)     To the extent other state laws prohibiting consumer deception are applicable, whether Sling Media violated the respective laws of those states;

(e)     Whether consumers have consented to Sling Media's appropriation of their Slingboxes to display its own advertising content;

(f)     Whether the members of the Class have been injured by Sling Media's conduct;

(g)     Whether the members of the Class are entitled to equitable restitution as a result of Sling Media's wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such restitution; and

(h)     Whether the members of the Class are entitled to injunctive relief.

20.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class action litigation.

21.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

22.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  If a class or general public action is not permitted, Sling Media's misconduct will continue without proper remedy.

23.     Sling Media has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**Unlawful, Unfair and Fraudulent Business Acts and**
**Practices in Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

24.     Each of the above allegations is incorporated herein.

25.     Sling Media's aforementioned misrepresentations and omissions of fact were largely disseminated and directed from the principal offices of Sling Media in Foster City, California.

26.     Sling Media's Slingboxes are sold with a Sling Player Software License Agreement and Warranty, which provides in Section 12 that "If you are a customer in the United

States, then this Agreement will be governed by and construed in accordance with the laws of the State of California, without regard to or application of conflicts of law rules or principles." Therefore, based upon the choice of law rules applied in this District, Plaintiffs preliminarily identify the substantive laws of California as the most likely to apply to the errors and omissions complained of herein.

27.     The acts, practices, misrepresentations, and omissions by Sling Media described above, and Sling Media's dissemination of deceptive and misleading advertising and marketing materials in connection therewith, constitute unlawful and unfair business acts and practices and untrue and misleading advertising within the meaning of California Business & Professions Code § 17200, *et seq*.

28.     Sling Media engaged in "unfair" business acts or practices by the promotional efforts undertaken and disseminated by it.   Sling Media failed to disclose that it would appropriate the Slingboxes it had previously sold to consumers to distribute its own advertising content, or that its own advertising content would be broadcast over those devices to consumers during normal use.   Sling Media's misconduct offends public policy and is unscrupulous, unethical, and offensive.

29.     Sling Media's unlawful and unfair business acts and practices present a continuing threat to Plaintiffs, Class members, and the general public in that Sling Media has refused to correct its wrongdoing.

30.     Pursuant to California Business & Professions Code § 17203, Plaintiffs, on behalf of themselves, the other Class members, and the general public, seek an order of this Court enjoining Sling Media from appropriating Class members' Slingboxes for its own advertising, or from withholding information regarding these practices.

## SECOND CAUSE OF ACTION
### Untrue and Misleading Advertising in Violation
### of Cal. Bus. & Prof. Code § 17500, *et seq.*

31.    Each of the above allegations is incorporated herein.

32.    California Business & Professions Code § 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations for the purpose of inducing, or which are likely to induce, directly or indirectly, customers to purchase consumer electronics products such as those here at issue.

33.    Sling Media's acts, practices, misrepresentations, and omissions alleged herein were intended to, and did, induce the consuming public to purchase the Slingboxes, and violated and continue to violate Business & Professions Code § 17500 in that Sling Media caused marketing materials for its Slingboxes to be placed before the general public, but Sling Media's product did not conform to the advertisements.

34.    As a result of the foregoing, Plaintiffs, other Class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order requiring disgorgement of Sling Media's ill-gotten profits derived through its advertising activities, as described above.

## THIRD CAUSE OF ACTION
### Unlawful Practice in Sale of Consumer Goods in Violation of
### CA Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et. seq.*

35.    Each of the above allegations is incorporated herein.

36.    The Slingboxes as described above were bought by Plaintiffs, and other consumers similarly situated, primarily for personal, family, or household purposes.

37.    Prior to Plaintiffs' purchases of the above-mentioned Slingboxes, Defendant violated California Civil Code § 1770 in the following respects:

(a)      In violation of California Civil Code § 1770(a)(5), Sling Media misrepresented and failed to disclose that it would appropriate its customers' Slingboxes to disseminate its own advertising content, which in fact it has been doing since March 17, 2015;

(b)      In violation of California Civil Code § 1770(a)(5), Sling Media represented that the Slingboxes would operate without further obligation of the consumer to view advertisements it would disseminate, which they no longer do;

(c)      In violation of California Civil Code § 1770(a)(5), Sling Media represented in marketing materials and product manuals that the Slingboxes had characteristics which they did not have, as the Slingboxes would become incapable of operating without dissemination of Sling Media's advertisements; and

(d)      In violation of California Civil Code § 1770(a)(9), Sling Media advertised the Slingboxes without noting that they would be used by Sling Media to disseminate its own advertising content to purchasers, with the intent not to sell the Slingboxes as advertised.

38.      Plaintiffs are informed and believe and thereon allege that the above-mentioned misrepresentations resulted in the sale of the Slingboxes to Plaintiffs and to other consumers similarly situated.

39.      Pursuant to California Civil Code § 1780, Plaintiffs, on behalf of themselves, the other Class members, and the general public, seek an order of this Court enjoining the Defendant from continuing the methods, acts, and practices set out above regarding its misrepresentations regarding the Slingboxes.

### FOURTH CAUSE OF ACTION
**Unfair and Deceptive Acts and Practices Under the Various State Laws in Which Class Members Reside, Stated in the Alternative to the First, Second and Third Causes of Action, if the Court Eventually Determines that the Laws of a Consumers' Residence – and Not those of the State of California -- Apply to Sling Media's Wrongful, Unfair, and Deceptive Acts**

11

40.     Each of the above allegations is incorporated herein.

41.     As discussed above, Plaintiffs assert that Sling Media's wrongful acts and practices are governed by the laws of California and that California's consumer protection statutes will be applied to the claims of Class members nationwide.   As the choice of law question cannot be conclusively addressed at this point in the litigation, Plaintiffs state the following alternative causes of action under the laws of the states of residence of Class members, if it is later determined by the Court that the choice of law rules require the application of these state laws, and not exclusively those of California.

42.     The practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through Slingboxes sold to consumers, during normal use, and the appropriation of class members' Slingboxes in connection with these practices, all constitute unfair competition or unfair, unconscionable, deceptive, fraudulent, or unlawful acts or business practices in violation of the state consumer protection statutes listed in ¶¶ 43-89 below.

43.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Statutes § 45.50.471, *et seq.*  In particular, Alaska law provides:

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.  (b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts: . . . (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (8) advertising goods or services with intent not to sell them as advertised; . . . (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a

material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged; . . . (15) knowingly making false or misleading statements concerning the need for parts, replacement, or repair service . . . .

Alaska Stat. § 45.50.471.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant violated Alaska Statutes Annotated § 45.50.471.

44.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Arizona Revised Statutes § 44-1521, *et seq.*  Particularly, Arizona law prohibits "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."  Ariz. Rev. Stat. Ann. § 44-1522(A).  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant violated Arizona Revised Statute Annotated § 44-1522(A).

45.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code Annotated § 4-88-101, *et seq.*  In particular, Arkansas law provides:

(a)    Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following: (1)

13

> Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model; . . . (3) Advertising the goods or services with the intent not to sell them as advertised; . . . (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade. . . .

Ark. Code Ann. § 4-88-107.

Arkansas law further provides, "[w]hen utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful: (1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108. By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant violated Arkansas Code Annotated §§ 4-88-107, 4-88-108.

46.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colorado Revised Statutes § 6-1-101, *et seq.* In particular, Colorado law provides:

> (1) A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: . . . (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another; . . . (i) Advertises goods, services, or property with intent not to sell them as advertised; . . . (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction . . . .

14

Colo. Rev. Stat. § 6-1-105.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Colorado Revised Statutes § 6-1-105.

47.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Statutes of Connecticut § 42-110a, *et seq.* In particular, Connecticut law provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). By engaging in the practices discussed above, including, but not limited to Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated the General Statutes of Connecticut § 42-110b.

48.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Delaware Code Annotated Title 6, § 2511, *et seq.* In particular, Delaware law provides that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice." Del. Code Ann. tit. 6, § 2513(a). By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes

during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Del. Code Annotated Title 6, § 2513(a).

49.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of District of Columbia Code § 28-3901, *et seq.*  Particularly, District of Columbia law provides:

> It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to: (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; . . . (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another; (e) misrepresent as to a material fact which has a tendency to mislead; . . . (f) fail to state a material fact if such failure tends to mislead; . . . (h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered . . . .

D.C. Code § 28-3904.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use, and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated District of Columbia Code § 28-3904.

50.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Statutes § 501.201, *et seq.*  In particular, Florida law provides, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Fla. Stat. § 501.204(1).  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Florida Statutes § 501.204(1).

51.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Georgia Code Annotated §10-1-390, *et seq.*  In particular, Georgia law provides:

> (a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised.

Ga. Code Ann. § 10-1-372.

Georgia law further provides:

> (a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful. (b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices are declared unlawful: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised . . . .

Ga. Code Ann. § 10-1-393(a).

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Georgia Code Annotated §§ 10-1-372, 10-1-393(a).

52.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Revised Statutes § 480-1, *et seq.*  In particular, Hawaii law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  Haw. Rev. Stat. § 480-2.  Hawaii law further provides:

> (a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Haw. Rev. Stat. § 481A-3.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Hawaii Revised Statutes §§ 480-2, 481A-3.

53.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code Annotated § 48-601, *et seq.*   In particular, Idaho law provides:

> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer . . . .

Idaho Code Ann. § 48-603.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use, and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Idaho Code Annotated § 48-603.

54.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 Illinois Compiled Statutes 505/1, *et seq.*  In particular, Illinois law provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, [footnote] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. . . .

815 Ill. Comp. Stat. 505/2.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated 815 Illinois Compiled Statutes 505/2.

55.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Indiana Code § 24-5-0.5-1, *et seq.*  In particular, Indiana law provides:

> (a) The following acts or representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.  (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. . . . (11) That the consumer will be able to purchase the subject of the consumer transaction as advertised by the supplier, if the supplier does not intend to sell it.

Ind. Code § 24-5-0.5-3.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal

use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Indiana Code § 24-5-0.5-3.

56.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Statutes Annotated § 50-623, *et seq.*  In particular, Kansas law provides:

> (a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction; (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled: (1) Representations made knowingly or with reason to know that: (A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; . . . (D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation; . . . (F) property or services has uses, benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or (G) use, benefit or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist; (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact; (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . .

Kan. Stat. Ann. § 50-626.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Kansas Statutes Annotated § 50-626.

57.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kentucky Revised Statutes Annotated § 367.110, *et seq.*  In particular, Kentucky law provides, "(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.  (2) For the purposes of this

20

section, unfair shall be construed to mean unconscionable." Ky. Rev. Stat. Ann. § 367.170. By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Kentucky Revised Statutes Annotated § 367.170.

58.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Revised Statutes Annotated § 51:1401, *et seq.* Particularly, Louisiana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Rev. Stat. Ann. § 51:1405A. By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant violated Louisiana Revised Statutes Annotated § 51:1405A.

59.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Maine Revised Statutes Annotated Title 5, § 205-A, *et seq.* In particular, Maine law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." Me. Rev. Stat. Ann. tit. 5, § 207. By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Maine Revised Statutes Annotated Title 5, § 207.

60.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Maryland Code Annotated, Commercial Law § 13-101, *et seq.*   In particular, Maryland law provides:

> Unfair or deceptive trade practices include any: (1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers; (2) Representation that: (i) Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have; . . . or . . . (iv) Consumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not; (3) Failure to state a material fact if the failure deceives or tends to deceive; . . . (5) Advertisement or offer of consumer goods, consumer realty, or consumer services: (i) Without intent to sell, lease, or rent them as advertised or offered; . . . (9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with: (i) The promotion or sale of any consumer goods, consumer realty, or consumer service . . . .

Md. Code Ann., Com. Law § 13-301.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Maryland Code Annotated, Commercial Law § 13-301.

61.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Laws of Massachusetts Chapter 93A, § 1, *et seq.*   In particular, Massachusetts law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."   Mass. Gen. Laws Ch. 93A, § 2.   By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members'

22

Slingboxes in connection with these practices, Defendant has violated the General Laws of Massachusetts Chapter 93A, § 2.

62.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Michigan Compiled Laws § 445.901, *et seq.* In particular, Michigan law provides:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows: . . . (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. . . . (g) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented. . . . . (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer. . . . . (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is. . . . (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Mich. Comp. Laws § 445.903.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Michigan Compiled Laws § 445.903.

63.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minnesota Statutes § 8.31, *et seq.* In particular, Minnesota law provides:

> A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person: . . . (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) advertises goods or services with intent not

to sell them as advertised; . . . or (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Minn. Stat. § 325D.44, sub. 1.

Minnesota law further provides:

> Any person, firm, corporation, or association who, with intent to sell or in anywise dispose of merchandise, securities, service, or anything offered by such person, firm, corporation, or association, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public, for use, consumption, purchase, or sale, which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall, whether or not pecuniary or other specific damage to any person occurs as a direct result thereof, be guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such.

Minn. Stat. § 325F.67.

Minnesota law provides as well that "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable . . . ." Minn. Stat. § 325F.69, sub. 1.  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Minnesota Statutes §§ 325D.44, sub. 1, 325F.67, 325F.69, sub. 1.

64.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Missouri Revised Statutes § 407.010, *et seq.*  In particular Missouri law provides, "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . , in or from the state of Missouri, is declared to be an unlawful practice. . . ."  Mo. Rev. Stat. § 407.020.1.  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Missouri Revised Statutes § 407.020.1.

65.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code Annotated § 30-14-101, *et seq.*  In particular, Montana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  Mont. Code Ann. § 30-14-103.  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Montana Code Annotated § 30-14-103.

66.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Revised Statutes § 59-1601, *et seq.*  In particular, Nebraska law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."  Neb. Rev. Stat. § 59-1602.  Nebraska law further provides:

> (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (c) This section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this state.

Neb. Rev. Stat. § 87-302.

By engaging in the practices discussed above, including, but not limited to Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Nebraska Revised Statutes §§ 59-1602, 87-302.

67.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nevada Revised Statutes § 598.0903, *et seq.*  Nevada law provides in particular:

> A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith. . . . 7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he knows or should know that they are of another standard, quality, grade, style or model. . . . 9. Advertises goods or services with intent not to sell or lease them as advertised. . . . 15. Knowingly makes any other false representation in a transaction. . . .

Nev. Rev. Stat. § 598.0915.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Nevada Revised Statutes § 598.0915.

68.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of New Hampshire Revised Statutes Annotated § 358-A:1, *et seq.* Particularly, New Hampshire law provides:

> It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state.  Such unfair method of competition or unfair or deceptive act or practice shall include, but is not limited to, the following: . . . V. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . VII. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . IX. Advertising goods or services with intent not to sell them as advertised . . . .

N.H. Rev. Stat. Ann. § 358-A:2.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated New Hampshire Revised Statutes Annotataed § 358-A:2.

69.     Defendant has engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of New Jersey Statutes Annotated § 56:8-1, *et seq.* Particularly, New Jersey law provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal

use, and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated New Jersey Statutes Annotated § 56:8-2.

70.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Statutes § 57-12-1, *et seq.*  In particular, New Mexico law provides:

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes: . . . (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another; . . . (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; . . . E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services . . . : (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. §57-12-2.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated New Mexico Statutes §57-12-2.

71.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of New York General Business Law § 349, *et seq.*  In particular, New York law provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law

§ 349.  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated New York General Business Law § 349.

72.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina General Statutes § 75-1.1, *et seq.*  In particular, North Carolina law provides, "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."  N.C. Gen. Stat. § 75-1.1(a).  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated North Carolina General Statutes § 75-1.1(a).

73.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of North Dakota Century Code § 51-15-01, *et seq.*  In particular, North Dakota law provides:

> The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

N.D. Cent. Code § 51-15-02.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated North Dakota Century Code § 51-15-02.

74.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Revised Code Annotated § 1345.01, *et seq.*  In particular, Ohio law provides, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  Ohio Rev. Code Ann. § 1345.02(a).  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Ohio Revised Code Annotated § 1345.02(a).

75.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Oklahoma Statutes Title 15, § 751, *et seq.* In particular, Oklahoma law provides:

> As used in the Oklahoma Consumer Protection Act: . . . 13. "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person.  Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral; 14. "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . .

Okla. Stat. tit. 15, § 752.

Oklahoma law further provides:

> A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when, in the course of the person's business, the person: . . . 5. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction . . . ; . . . 7. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another; 8. Advertises, knowingly or with reason to know, the subject of a consumer

transaction with intent not to sell it as advertised; . . . 20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title . . . .

Okla. Stat. tit. 15, § 753.

It continues to provide:

> A. A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . 7. Represents that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another; . . . C. The deceptive trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state.

Okla. Stat. tit. 78, § 53.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Oklahoma Statutes Titles 15, §§ 752 and 753, 78, § 53.

76.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Oregon Revised Statutes § 646.605, *et seq.*  In particular, Oregon law provides, "A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person: (1) Employs any unconscionable tactic in connection with the sale, rental or other disposition of real estate, goods or services . . . ."  Or. Rev. Stat. § 646.607. Oregon law further provides:

> (1) A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following: . . . (e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have . . . . (g) Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if they are of another. . . . (t) Concurrent with tender or delivery of any real

31

estate, goods or services fails to disclose any known material defect or material nonconformity. (u) Engages in any other unfair or deceptive conduct in trade or commerce.

Or. Rev. Stat. § 646.608.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Oregon Revised Statutes §§ 646.607, 646.608.

77.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pennsylvania Statutes Annotated Title 73, § 201-1, *et seq.*   In particular, Pennsylvania law provides:

> (4) "Unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following: . . . (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

Pa. Stat. Ann. tit. 73, § 201-2.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Pennsylvania Statutes Annotated Title 73, § 201-2.

78.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Rhode Island General Laws § 6-13.1-1, *et seq.*   In particular, Rhode Island law provides:

32

> As used in this chapter: . . . (6) "Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the following: (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xii) Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding; (xiii) Engaging in any act or practice that is unfair or deceptive to the consumer; (xiv) Using any other methods, acts or practices which mislead or deceive members of the public in a material respect; . . . (xvii) Advertising claims concerning safety, performance, and comparative price unless the advertiser, upon request by any person, the consumer council, or the attorney general, makes available documentation substantiating the validity of the claim . . . .

R.I. Gen. Laws § 6-13.1-1.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Rhode Island General Laws § 6-13.1-1.

79.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of South Carolina Code Annotated § 39-5-10, *et seq.*  In particular, South Carolina law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. . . ."  S.C. Code Ann. § 39-5-20.  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated South Carolina Code Annotated § 39-5-20.

80.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of South Dakota Codified Laws § 37-24-1, *et seq.*  In particular, South Dakota law provides:

33

> It is a deceptive act or practice for any person to: (1) Knowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged thereby.

S.D. Codified Laws § 37-24-6(1).

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated South Dakota Codified Laws § 37-24-6(1).

81.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tennessee Code Annotated § 47-18-101, *et seq.*  In particular, Tennessee law provides:

> (b) Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services; . . . (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person . . . .

Tenn. Code Ann. § 47-18-104.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Tennessee Code Annotated § 47-18-104.

82.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Texas Business and Commercial Code Annotated § 17.41, *et seq.*  In particular, Texas law provides:

> (a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code. (b) Except as provided in Subsection (d) of this section, the term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts: . . . (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ; . . . (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) advertising goods or services with intent not to sell them as advertised; . . . (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed . . . .

Tex. Bus. & Com. Code Ann. § 17.46.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Texas Business & Commercial Code Annotated § 17.46.

83.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Annotated § 13-11-1, *et seq.*  In particular, Utah law provides:

> (1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction.  (2) Without limiting the scope of Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; . . .(e) indicates that the subject of a consumer transaction

35

> has been supplied in accordance with a previous representation, if it has not; . . .
> (j) . . . (ii) fails to honor a warranty or a particular warranty term . . . .

Utah Code Ann. § 13-11-4.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant violated Utah Code Annotated § 13-11-4.

84.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vermont Statutes Annotated Title 9, § 2451, *et seq.*   In particular, Vermont law provides, "(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful."  Vt. Stat. Ann. tit. 9, § 2453.  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Vermont Statutes Annotated Title 9, § 2453.

85.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Virginia Code Annotated § 59.1-196, *et seq.*   In particular, Virginia law provides:

> A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: . . . 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; 6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; 7. Advertising or offering for sale goods that are used, secondhand, repossessed, defective, blemished, deteriorated, or reconditioned, or that are "seconds," irregulars, imperfects, or "not first class," without clearly and unequivocally indicating in the advertisement or offer for sale that the goods are used, secondhand, repossessed, defective, blemished, deteriorated, reconditioned, or are "seconds," irregulars, imperfects or "not first class"; 8. Advertising goods or services with intent not to sell them as

> advertised, or with intent not to sell at the price or upon the terms advertised. . . .
> 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction . . . .

Va. Code Ann. § 59.1-200.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Virginia Code Annotated § 59.1-200.

86.    Defendant has engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Washington Revised Code. § 19.86.010, *et seq.*  Particularly, Washington law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Wash. Rev. Code § 19.86.020.  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Washington Revised Code § 19.86.020.

87.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*  In particular, West Virginia law provides:

> (7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following: . . .
> (E) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; .
> . . (G) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another; . . . (I) Advertising goods or services with intent not to sell them as advertised; . . . (L) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; . . . (M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the

> concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

W. Va. Code § 46A-6-102.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated West Virginia Code § 46A-6-102.

88.   Defendant has engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wisconsin Statutes § 100.20, *et seq.*  Particularly, Wisconsin law provides, "Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited."  Wis. Stat. § 100.20(1).  By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Wisconsin Statutes § 100.20(1).

89.   Defendant has engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wyoming Statutes Annotated § 40-12-101, *et seq.*  In particular, Wyoming law provides:

> (a) A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly: (i) Represents that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have; . . . (iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not; . . . (x) Advertises merchandise with intent not to sell it as advertised; . . . or . . . (xv) Engages in unfair or deceptive acts or practices.

Wyo. Stat. Ann. § 40-12-105.

By engaging in the practices discussed above, including, but not limited to, Sling Media's undisclosed dissemination of its own advertising content through its Slingboxes during normal use and the appropriation of Class members' Slingboxes in connection with these practices, Defendant has violated Wyoming Statutes Annotated § 40-12-105.

90.     Plaintiffs and members of the Class have been injured by reason of Sling Media's unfair and deceptive acts and practices in regard to its sale of the Slingboxes without proper disclosure, without which consumers would not have bought the machines or would have been unwilling to pay the price they, in fact, purchased them for.  These injuries are of the type that the above state consumer protection statutes were designed to prevent and are the direct result of Sling Media's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

A.     Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representatives;

B.     Awarding restitution and disgorgement as a result of Sling Media's unfair business practices and untrue and misleading advertising as well as for its use of the Slingboxes it sold to Plaintiffs and the Class;

C.     Enjoining the Defendant from continuing its illegal practices set out above and in violation of the Consumers Legal Remedies Act;

D.     Requiring Sling Media to inform the public of its advertising activities and enjoining Sling Media from commandeering its customers' machines without their consent for this purpose;

E.     Awarding pre- and post-judgment interest;

F.    Awarding attorney fees, expenses, and costs; and

G.    Providing such other and further relief as this Court may deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury.

Dated:  July 10, 2015

*/s/Adam Gonnelli*
Adam Gonnelli (No. AV-8773)
FARUQI & FARUQI
369 Lexington Avenue 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: agonnelli@faruqilaw.com

Robert I. Lax (No. RL-8413)
LAX LLP
380 Lexington Avenue, 31st Floor
New York, NY 10168
Telephone: (212) 818-9150
Facsimile:  (212) 208-4309
Email: rlax@lax-law.com

Steven S. Siegel
THE LAW OFFICE OF STEVEN S. SIEGEL,
P.L.L.C
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Telephone: 516-665-2800
Facsimile: 516-279-6376
Email: stevenssiegel@yahoo.com

*Attorneys for Plaintiffs*