N.Y.S.D. Case #
15-cv-5388(GBD)

**MANDATE**

17-1094-cv
*Heskiaoff v. Sling Media, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand seventeen.

PRESENT:
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
     *Circuit Judges,*
    JOHN G. KOELTL,
     *District Judge.*\*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec. 19, 2017
```

MICHAEL HESKIAOFF, Individually & on behalf of all others similarly situated, MARC LANGENOHL, Individually & on behalf of all others similarly situated,

    *Plaintiffs-Appellants*,

RAFAEL MANN, on behalf of himself and all others similarly situated,

    *Consolidated Plaintiff-Appellant*,

    v.                 17-1094-cv

SLING MEDIA, INC.,

    *Defendant-Appellee*.

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**MANDATE ISSUED ON 12/19/17**

| | |
|---|---|
| For Plaintiffs-Appellants and Consolidated Plaintiff-Appellant: | ROBERT I. LAX, Lax LLP, New York, New York (Adam Gonnelli, The Sultzer Law Group, P.C., Red Bank, New Jersey; Innessa Melamed Huot, Faruqi & Faruqi, LLP, New York, New York, *on the brief*). |
| For Defendant-Appellee: | RICHARD R. PATCH (Susan K. Jamison, Katharine T. Van Dusen, Mark L. Hejinian, Coblentz Patch Duffy & Bass LLP, San Francisco, California; Leigh R. Lasky, Lasky, LLC, Chicago, Illinois, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Michael Heskiaoff, Marc Langenohl, and Consolidated Plaintiff Appellant Rafael Mann ("Plaintiffs"), appeal from a March 22, 2017 judgment of the United States District Court for the Southern District of New York granting Defendant-Appellee Sling Media, Inc.'s ("Sling") motion to dismiss Plaintiffs' Consolidated Class Action Complaint ("CAC") and denying as futile Plaintiffs' motion for leave to file a proposed Second Consolidated Amended Class Action Complaint ("SCAC"). Plaintiffs are purchasers of Slingbox Media Players (the "Slingboxes") and licensees of related software, which allow users to view television programming from one device (*e.g.*, their primary television at home) on additional devices in other locations (*e.g.*, cell phones or computers). Plaintiffs allege that Sling violated their statutory and contractual rights by disseminating – without advance warning – various advertisements. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We begin by determining whether Plaintiffs' non-contractual statutory claims are governed by New York or California substantive law. We agree with the district court that these non-contractual statutory claims are governed by New York law. Plaintiffs bought their Slingboxes in New York and were New York residents at the time of their purchases, indicating that New York substantive law governs under New York's choice-of-law principles. *See Krock v. Lipsay*, 97 F.3d 640, 645–46 (2d Cir. 1996); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 149–50 (S.D.N.Y. 2008). For their part, Plaintiffs assert that California law applies, pointing to Sling's end user license agreement ("EULA"),[1] which provides that "*this Agreement* will be governed by and construed in accordance with the laws of the State of California, without regard to or application of conflicts of law rules or principles." J.A. 197 (emphasis added). "New York courts decide the scope of such clauses under New York law, not under the law selected by the clause . . . ." *Fin. One Pub. Co. v. Lehman Bros. Special Fin.*, 414 F.3d 325, 333 (2d Cir. 2005). However, the scope of this EULA provision is expressly limited to "this Agreement." J.A. 197. We have long held that limited choice-of-law clauses, such as the one in the EULA, merely specify the law that applies to claims *arising from the contract* but not to non-contractual claims (*e.g.*, consumer protection statutes sounding in fraud). *See Fin. One Pub. Co*, 414 F.3d at 332–34; *Krock*, 97 F.3d at 645. Accordingly, the district court properly determined that New York law applied to Plaintiffs' non-contractual statutory claims under New

---

[1] The district court did not err in considering the EULA in ruling on Sling's motion to dismiss because the parties do not dispute the authenticity or accuracy of the EULA and the EULA was "integral" to the CAC insofar as Plaintiffs quoted the EULA in the CAC, relied on the EULA in framing the CAC, and submitted the EULA to the district court with their opposition to Sling's motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir. 2000).

3

York's choice-of-law principles.[2]

Moving on to the decision below granting Sling's motion to dismiss the CAC, we review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). For motion to dismiss purposes, "we have deemed a complaint to include . . . any statements or documents incorporated in it by reference, . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir. 2000) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Id.*

We conclude that Plaintiffs failed plausibly to allege a violation of New York General Business Law Section 349. "To maintain a cause of action under [Section] 349, a plaintiff must show: (1) that the defendant's conduct is 'consumer-oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (citations omitted). As to the second element, "[w]hether a representation or an omission, the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances." *Nick's Garage, Inc. v.*

---

[2] Likewise, in its order denying as futile Plaintiffs' motion for leave to file a proposed SCAC, the district court was correct to evaluate Plaintiffs' proposed breach of contract/implied covenant claim under California law, in light of the EULA's limited choice-of-law clause.

4

*Progressive Cas. Ins. Co.*, --- F.3d ----, No. 15-1426-cv, 2017 WL 5162690, at *11 (2d Cir. Nov. 8, 2017) (citations and internal quotation marks omitted). As we recently explained, "[t]he New York Court of Appeals' adoption of an 'objective definition of deceptive acts and practices . . . which may be determined as a matter of law or fact (as individual cases require),' was intended to avoid 'a tidal wave of litigation against businesses that was not intended by the Legislature.'" *Id.* (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)). The CAC does not plausibly allege a deceptive act or practice. Indeed, Plaintiffs point to no affirmative statement made by Sling pertaining to advertising, much less a *deceptive* statement. And Plaintiffs did not plead an actionable omission because nothing in the CAC alleges why a reasonable consumer would have been led to believe that Slingbox would always be an ad-free product. *See Oswego*, 85 N.Y.2d at 26. Accordingly, Plaintiffs fail to allege a violation of Section 349.

Turning to the district court's order denying as futile Plaintiffs' motion for leave to amend, we ordinarily review a district court's denial of leave to amend for abuse of discretion but where, as here, the denial is based on a conclusion of law, we review the legal conclusion *de novo*. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007). Upon *de novo* review, we discern no error in the district court's conclusion that the proposed amendments – adding further detail to the previously asserted Section 349 claim and bringing a new claim based on an alleged breach of the covenant of good faith and fair dealing implied in the EULA – would be futile.

Having reviewed the proposed amendments, we conclude that the additional information included in the proposed SCAC still fails to allege a deceptive act or practice under Section 349.

5

In particular, Sling's purported misrepresentations or omissions – such as not explicitly warning consumers in advance of the advertising – were not deceptive acts or practices under Section 349 because they would not have caused a reasonable consumer acting reasonably under the circumstances to believe that the Slingbox was, and always would be, an ad-free product. Our determination that Sling never held the Slingbox out to be a perpetually ad-free product is fatal to Plaintiffs' amended Section 349 claim.

Similarly, the district court did not err in rejecting as futile Plaintiffs' proposed claim based on an alleged breach of the covenant of good faith and fair dealing implied in the EULA. Under California law, the implied covenant "requires each contracting party to refrain from doing anything to injure the right of the other to receive the agreement's benefits," *Frommoethelydo v. Fire Ins. Exch.*, 721 P.2d 41, 44 (Cal. 1986) (en banc), and "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement," *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). Plaintiffs do not and cannot pinpoint anything in the EULA related to advertising, and nothing in the EULA suggests that barring Sling from disseminating advertisements is necessary so that Plaintiffs can receive the benefit of their bargain. Significantly, the EULA's several disclaimers reinforce Plaintiffs' lack of contractual protections because the EULA expressly stipulates that "Sling Media reserves all rights in the Software not expressly granted to you in this Agreement." J.A. 194. The EULA continues, "[i]f Sling Media provides you with any update to the Software ('Update'), your use of such Update will be governed by the terms and conditions of this Agreement or other terms and conditions that relate to such Update." *Id.* The EULA also notes that "[o]ther than those set out in Section 7, Sling Media does not give any other promises, guarantees, or warranties about the

6

Software." *Id.* at 196. Accordingly, the district court properly denied as futile Plaintiffs' motion for leave to amend.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

7

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit